MICHELE BECKWITH
Acting United States Attorney
JOSEPH B. FRUEH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
E-mail:      joseph.frueh@usdoj.gov
Telephone: (916) 554-2702
Facsimile:  (916) 554-2900

Attorneys for Defendant
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XBN, *et al.*,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>KAWEAH HEALTH, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 1:23-cv-01453 JLT HBK<br>(Consolidated with No. 1:24-cv-00431-JLT-HBK)<br><br>~~PROPOSED~~ ORDER GRANTING DEFENDANT UNITED STATES OF AMERICA'S MOTION FOR SUMMARY JUDGMENT (Doc. 34)<br><br>ORDER TO SHOW CAUSE RE SUPPLEMENTAL JURISDICTION<br><br>**21 Day Response Deadline** |

In this consolidated action,[1] Plaintiffs Alondra Nunez and her son, XBN, allege one claim of negligence against the United States under the Federal Tort Claims Act arising from injuries they allegedly sustained during the birth of XBN on September 1, 2021.  *See XBN v. United States*, E.D. Cal. No. 1:24-cv-00431-JLT-HBK, Doc. 1 (Complaint).  The United States moves for summary judgment, contending that Plaintiffs cannot adduce evidence in support of their claim, asserting generally that the sole deemed federal employee defendant took no actions that injured Plaintiffs.  *See XBN v. Kaweah Health, et al.*, E.D. Cal. No. 1:23-cv-01453-JLT-HBK, Doc. 34.

---

[1] *XBN v. Kaweah Health, et al.*, E.D. Cal. No. 1:23-cv-01453-JLT-HBK, filed originally in Tulare County Superior Court and removed to this Court, and *XBN v. United States*, E.D. Cal. No. 1:24-cv-00431-JLT-HBK, filed originally in this Court.

Summary judgment is proper where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "When the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'" *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc); *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir. 2000) ("[A] moving defendant may shift the burden of producing evidence to the nonmoving plaintiff merely by 'showing'—that is, pointing out through argument—the absence of evidence to support plaintiff's claim."). To survive summary judgment, a plaintiff must then submit evidence "sufficient to support a verdict . . . on every element of [a] claim for which [he or she] will carry the burden of proof." *In Re Apple Computer Sec. Litig.*, 886 F.2d 1109, 1113 (9th Cir. 1989). "Summary judgment must be granted where there is not 'sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" *River City Markets, Inc. v. Fleming Foods W., Inc.*, 960 F.2d 1458, 1462 (9th Cir. 1992).

Here, Plaintiffs have not adduced evidence in support of their negligence claim against the United States. Rather, they filed a Notice of Non-Opposition to the United States' Motion for Summary Judgment. *See XBN v. Kaweah Health, et al.*, E.D. Cal. No. 1:23-cv-01453-JLT-HBK, Doc. 35.

Accordingly, **IT IS ORDERED** that Defendant United States of America's Motion for Summary Judgment (Doc. 34) is **GRANTED**.

Given the above, it is **FURTHER ORDERED** that Plaintiffs show cause in writing **within 21 days** of the date of this order why this Court should exercise supplemental jurisdiction over the remaining state law claims in this case. Within 14 days of Plaintiffs' filing, any other party may file a response. No replies are authorized at this time. Unless the Court indicates otherwise, the order to show cause will be resolved on the papers.

IT IS SO ORDERED.

Dated:    **March 3, 2025**

_____
UNITED STATES DISTRICT JUDGE